DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas in which appellant entered guilty pleas to attempted trafficking and failure to appear. Because we conclude that appellant's case presents no arguable issues meriting review, we affirm the judgment of the trial court.
Appellant, Steven L. Gilmer, faced a multi-count indictment in four separate cases which included the following charges: trafficking in crack cocaine, three counts of failure to appear, receiving stolen property, complicity to breaking and entering, and theft. Pursuant to a plea bargain, appellant pled to the reduced offense of attempted trafficking, a violation of R.C. 2925.03(A) (a first degree misdemeanor) and one count of failure to appear on a recognizance, a violation of R.C. 2937.29 (a fourth degree felony). All other charges were dismissed.
Appellant was ultimately sentenced to six months incarceration for the attempted trafficking and seventeen months incarceration for the failure to appear.
Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review.
Counsel essentially argues two potential errors "that might arguably support the appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra and Penson v. Ohio (1988),488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. Counsel for appellant argues two proposed assignments of error: 1) appellant's counsel may have been ineffective for failing to present information in addition to his and appellant's counsel's statements at sentencing; and 2) the court, in discussing sentencing, combined some of the factors required to be considered.
 I.
Counsel initially argues that the failure to submit additional information at sentencing may have constituted ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a defendant must show 1) that defense counsel's representation fell below an objective standard of reasonableness and 2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. See alsoStrickland v. Washington (1984), 466 U.S. 668, 694.
The decision to forgo the presentation of additional mitigating evidence at sentencing does not itself constitute proof of ineffective assistance of counsel. State v. Johnson (1986), 24 Ohio St.3d 87, 91, overruled in part on other grounds by State v. Jenks (1991),61 Ohio St.3d 259. The presentation of mitigating evidence is a matter of trial strategy. State v. Keith (1997), 79 Ohio St.3d 514, 530.
In this case, appellant and his counsel both made statements on his behalf. Counsel's failure to present additional mitigating evidence was not a demonstrably deficient trial strategy, especially in light of appellant's decision to plead guilty under the terms of the plea bargain.
Accordingly, appellant's counsel's first proposed assignment of error is without merit.
 II.
Appellant's counsel, in his second proposed assignment of error, states that the court may have erred in its consideration of the mandatory sentencing factors.
We note at the outset that appellant was sentenced in August 2000, was given credit for one hundred thirty-three days jail time, and was then incarcerated. Since the term of imprisonment for the attempted trafficking offense was only six months, any error concerning the sentencing for that conviction is now moot. We now address any sentencing issues for the remaining conviction of failure to appear.
A term of incarceration for a fourth degree felony may be imposed pursuant to R.C. 2929.13(B). If the court finds that at least one factor listed in R.C. 2929.13(B)(1) is applicable, the court then must consider the factors set forth in R.C. 2929.11 and 2929.12, regarding the overriding purposes of felony sentencing and seriousness and likelihood of recidivism. R.C. 2929.13(B)(2)(a) and (b); State v. Sims (Dec. 9, 1998), Summit App. No. 19018, unreported. See also R.C. 2929.13(C). After considering these and all other relevant factors, if the court finds that (1) a prison term is consistent with the purposes of felony sentencing, and (2) the offender is not amenable to community control, then the court is required to impose a prison term. R.C. 2929.13(B)(2)(a). R.C.2929.14(A)(4) provides that for a felony of the fourth degree, a court may impose a prison term of six to eighteen months.
In the present case, appellant pled guilty to failure to appear, a fourth degree felony. The trial court found, pursuant to R.C. 2929.13(B), that the acts which brought appellant into the court in which he failed to appear, harmed both persons and property and were part of organized criminal activity. The court specifically discussed recidivism factors and the purposes of felony sentencing. Finally the court found that appellant had a long history of drug and addiction related offenses and had failed numerous times to seek help when released on probation. The court then indicated that appellant was not amenable to available community sanctions and that prison was consistent with the purposes of R.C. 2929.11. Therefore, we conclude that the trial court considered all the necessary factors for sentencing.
Accordingly, appellant counsel's second proposed assignment of error is also without merit.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted. The judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Mark L. Pietrykowski, P.J. CONCUR.